IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE BERGSTROM and MATTHEW CRIMMINS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 14-cv-03735 |
| v. | ) ) | Judge Andrea R. Wood |
| COCO PAZZO OF ILLINOIS, LLC, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jacqueline Bergstrom and Matthew Crimmins allege that their former employer, Defendant Coco Pazzo of Illinois, LLC, and its president, Defendant Jack Weiss, failed to pay them the minimum and overtime wages required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. That statute permits an employer to pay less than the otherwise mandated minimum wages by crediting tips received against those required amounts if the employer has notified employees of the practice and the employees either kept their tips or shared them in a valid tip pool. 29 U.S.C. § 203(m). In the cross-motions for summary judgment now before the Court, the parties dispute whether Coco Pazzo properly claimed the tip credit. Plaintiffs contend that Coco Pazzo failed to provide the necessary notification that it would use the credit. Defendants, in turn, assert that the FLSA's restrictions on the tip credit are directed only to mandatory pools and that Coco Pazzo's system was voluntary, thus rendering the requirements inapplicable. They also contend that their notice of the credit was proper and that no tip pool participants were managers whose inclusion would invalidate the pool. For the reasons detailed below, both motions for summary judgment (Dkt. Nos. 60, 62) are denied.

## BACKGROUND

Plaintiff Jacqueline Bergstrom worked as an hourly-paid server at Coco Pazzo restaurant in Chicago from August 2012 to May 2014. (Defs.' R. 56.1 Resp. ¶¶ 6, 13, Dkt. No. 100.) Plaintiff Matthew Crimmins also worked at the restaurant as a server in two stints, the first from October 2008 to September 2012 and the second from January 2013 to June 2014. (*Id.* ¶¶ 7, 13.) Both were paid $4.95 per hour plus tips. (*Id.* ¶ 19.)

The FLSA permits allows an employer to pay less than standard minimum and overtime wages to employees who regularly receive tips; the employer receives credit towards its payment obligations to the extent of the amount the employee receives in tips. 29 U.S.C. § 203(m). But the employer may claim the credit only if it notifies the employee of the practice and if the employee either keeps all of her tips or shares them with "employees who customarily and regularly receive tips." *Id.*

In their lawsuit, which they have brought as a proposed collective action on behalf of all similarly-situated employees, Plaintiffs allege that Coco Pazzo invoked FLSA's tip credit provisions and paid them less in base wages and overtime compensation than the statute otherwise required. (Compl. ¶¶ 28, 32, Dkt. No. 1.) They further allege that Coco Pazzo employees pooled tips, but that managers not properly included in the statute's definition of "employees who customarily and regularly receive tips" also shared in the pool, thereby invalidating it for purposes of the restaurant's claim for credit towards the required minimum and overtime wages. (*Id.* ¶¶ 19-20.) Plaintiffs' complaint seeks recovery of wages not paid as a result of the claimed credit.

The parties filed concurrent motions for summary judgment. Although Plaintiffs' complaint focuses on the assertion that the tip pool was invalidated by the participation of

managers who were not customarily tipped employees, their summary judgment motion argues instead that Defendants had not given the FLSA-mandated notice that they intended to claim the tip credit. Defendants moved to strike the Plaintiffs' motion, arguing that it improperly raised a new claim not included in Plaintiffs' complaint. (Dkt. No. 66.) The Court ruled that the tip credit was properly considered an affirmative defense to a claim of underpayment rather than an element Plaintiffs were required to raise in their complaint; Defendants' motion to strike was therefore denied. (Dkt. No. 74.)

Defendants next sought discovery pursuant to Federal Rule of Civil Procedure 56(d): they asserted that in order to respond to Plaintiffs' summary judgment motion, they needed discovery from Plaintiffs and the similarly-situated employees who opted in to the action to learn what they had known about the restaurant's intent to take the tip credit. (Dkt. No. 79.) Because the issue raised by Plaintiffs' motion was whether Coco Pazzo had given any notice of its claim to the tip credit and because Defendants' notice efforts were matters within their own knowledge, the Court denied the motion. (Dkt. No. 84.) Now, in their own summary judgment motion, Defendants assert that none of the tip pool participants had managerial authority that would disqualify them from participation in a valid tip pool.[1]

## DISCUSSION

Summary judgment is appropriate if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law, even after all reasonable inferences are drawn in the nonmovant's

---

[1] Defendants also argue that two of the managers who participated in the tip pool withdrew no later than January 14, 2014 and that any damages recoverable by Plaintiffs should be limited to the period after that date. (Defs.' Summ. J. Mem. at 14–15, Dkt. No. 63.) However, Defendants' subsequent factual admissions concede that managers continued to participate in the tip pool until January 2015 (Defs.' R. 56.1 Resp. ¶¶ 17, 18, Dkt. No. 100) and they did not re-assert the argument in their motion reply. The Court therefore considers the argument to be abandoned for purposes of the present motions.

3

favor. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011). When cross-motions for summary judgment are filed, inferences are drawn in favor of the party against whom the motion under consideration is made. *Siliven v. Indiana Dep't of Child Servs.*, 635 F.3d 921, 925 (7th Cir. 2011).

### I. Plaintiffs' Motion

Plaintiffs contend that Defendants have identified no evidence that they gave notice of the restaurant's intention to claim the tip credit and that this failure invalidates the credit, thereby entitling them to judgment for the amounts their pay fell short of FLSA's minimums. In support of their response, Defendants filed an affidavit from Defendant Weiss, Coco Pazzo's president, stating that he personally informed employees about their pay and the tip pool either during the initial interviews or at run-throughs before the employees began active duty. As he explained:

> I inform servers, bartenders, bussers and food runners that this is a 'pool house.' I explain how the tip pool works and I say that servers contribute all of their tips into a tip pool, which is then re-distributed to other servers, bartenders, bussers and food runners who worked that shift and according to a set percentage for each position.

(Weiss Aff. ¶ 6, Dkt. No. 101-2.)

Plaintiffs argue that the Weiss affidavit must be disregarded for purposes of their motion. They cite the well-established rule that a party opposing summary judgment will not be permitted to defeat the motion "merely by manufacturing a conflict in his own testimony by submitting an affidavit that contradicts an earlier deposition." *Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 532 (7th Cir. 1999), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013); *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168–69 (7th Cir.1996). Plaintiffs highlight deposition testimony from Weiss in which, under examination by Plaintiff's counsel, he was asked how Coco Pazzo informed employees that they would be

4

subject to the tip credit and answered, "I'm not sure. I have to look into that." (Weiss Dep. at 134:1-19, Dkt. No. 60-2.) Weiss gave a similar answer when asked if employees were informed of the tip credit in writing.

But later in the deposition, under examination by defense counsel, Weiss gave more complete answers. He said that when new employees are hired, "[w]e tell them the wage that they're going to be paid and their eligibility in the tip pool." (*Id.* at 218:14-15.) He also gave affirmative answers when asked if he told new employees that they would be paid less than minimum wage and that the difference would be made up in tips. (*Id.* at 219:14-21.)

The Seventh Circuit has cautioned against overusing the principle excluding sham affidavits. "Disregarding as a sham every correction of a memory failure or variation in a witness's testimony requires far too much from lay witnesses and would usurp the trier of fact's role in determining which portion of the testimony was most accurate and reliable." *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 571–72 (7th Cir. 2015) (internal quotations omitted). The Seventh Circuit has observed that "an affidavit can be excluded as a sham only where the witness has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact." *Id.* at 572.

In the present case, the Weiss testimony cited by Plaintiffs did not provide clear answers. Weiss explicitly stated that he was not sure of how employees were informed of the tip credit and that he would have to investigate. This equivocation is not inconsistent with his subsequent affidavit. His testimony later in the deposition leaves even less room for interpretation as inconsistent with the affidavit: in both, he testified that he verbally informed new employees of the restaurant's payment and tip credit practices. Whether that testimony is credible in view of his earlier inability to identify any of his notification efforts is a question for the trier of fact at

5

trial. However, questions about the credibility of Weiss's deposition testimony are not a basis for striking the similar assertions of his affidavit or for holding as a matter of law that Defendants have offered no evidence that they gave notice of the tip credit. Plaintiffs' motion for summary judgment is accordingly denied.

## II. Defendants' Motion

In their summary judgment motion, Defendants assert that the FLSA's tip-pooling parameters apply only to involuntary tip pooling and that the arrangement between Coco Pazzo's employees was entirely voluntary. But Bergstrom testified at her deposition that she was told when she was interviewed that the restaurant was "a pool house," and that she took that statement to mean that if she wanted to work there, she had to participate in the tip pool. (Bergstrom Dep. at 37:14-20, Dkt. No. 98-1.) Employee Martin Gonzalez testified that "the tip pool is part of being employed at Coco Pazzo" and that when he advised Weiss that he thought employees should work for their own tips rather than pooling, Weiss just stared at him and changed nothing. (Gonzalez Dep. at 56:1-6; 57:14-58:9, Dkt. No. 98-9.) Weiss himself testified at his deposition that when he referred to the tip pool arrangement as voluntary, he meant that someone who did not like it could discuss it with the other employees or look for work elsewhere. (Weiss Dep. at 235:15-22, Dkt. No. 60-2.) That Defendants can identify contradictory testimony establishes the existence of a jury question, not that they are entitled to judgment as a matter of law on the voluntary nature of the pool.

Defendants next contend that the floor managers who participated in the pool were "employees" for FLSA purposes rather than managers with sufficient authority to be considered "employers" whose participation invalidated the pool. *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 652 (N.D. Ill. 2007) ("Where management employees participate in a tip pool, the pool

is invalid."). They argue that the managers did not have ultimate decisionmaking authority to hire, fire, schedule, or determine pay of employees. But Plaintiffs have responded with testimony indicating that managers did have authority in these areas. (*See, e.g.,* Fernando Garcia Dep. at 79:6-81:9, Dkt. No. 98-7 (hiring); Gonzalez Dep. at 92:6-93:10 (firing); Gonzalez Dep. at 77:23-80:13 (scheduling); Gonzalez Dep. at 126:21-128:3) (pay).) Defendants assert that Weiss was the decisionmaker in each of these areas, but the testimony offered by Plaintiffs provides sufficient basis to allow a jury to discredit that assertion, to find that Coco Pazzo's managers were the true decisionmakers, and to determine that they were management employees who could not participate in a tip pool that could be credited against the restaurant's wage payment obligations. This issue of fact precludes summary judgment for Defendants.

## CONCLUSION

For the reasons discussed above, disputed issues of material fact regarding the tip credit notice given by Defendants, the voluntary nature of the tip pool arrangement, and the restaurant managers' status as "employees" or "employers" for FLSA purposes preclude the entry of summary judgment for either party. Plaintiffs' motion (Dkt. No. 60) and Defendants' motion (Dkt. No. 62) are therefore denied.

ENTERED:

Dated: March 27, 2017

Andrea R. Wood
United States District Judge

7